COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-396-CR

STEVEN CRAIG WHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Steven Craig White of murder and assessed his punishment at eighteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In five points, Appellant complains about the trial court’s exclusion  of a memorandum and testimony of several current and former police officers of the North Richland Hills Police Department concerning Kevin Brown, the lead detective in charge of the investigation in this case.  The excluded testimony of the other officers shows that at some point after the investigation in this case was concluded, Brown was suspended after an internal investigation; that several of his superiors agreed that he was incompetent and apathetic; that he was cited for “inefficiency, incompetence, indolence, or inexcusable neglect of duty”; and that he was moved out of the criminal investigations division and never returned to it.

Appellant wanted to impeach Brown with the excluded testimony to show an alleged bias or interest on Brown’s part
(footnote: 2) and also to correct an allegedly false impression that Brown’s suspension was motivated by another cause.  But at trial, Brown testified, and Appellant cross-examined him extensively without limitation, delving into the areas covered by the excluded testimony:  Brown’s suspension on the grounds of his poor case management and his giving files to a third party (in an unrelated case), his transfer, his feelings of being overwhelmed with his caseload, and the fact that it was found that he had been incompetent, inefficient, and lazy and had inexcusably neglected his duties.  Brown’s testimony specifically revealed that he had told the other officers that he was overwhelmed by his workload, especially since he drew four homicide cases in one year (including this one), that he said that some cases “just die on the vine,” and that he signed an acknowledgment regarding the performance citations as a condition of continued employment.  Appellant does not point us to a bias or motive on Brown’s part to lie on the stand,
(footnote: 3) especially since his censure covered the period involved in the murder investigation in this case.

Additionally, throughout the presentation of evidence, Appellant emphasized the sloppiness of this murder investigation, including evidence not discovered by the police, such as the gun located in the bathtub with the body; evidence not timely collected, such as fingerprints on a wall board; leads not followed, such as the account of a jogger who apparently jogged past the house where the murder occurred during the relevant time period; and documentary evidence stored in Brown’s office long after it should have been returned to the family.

Given the record before us, especially the extensive cross-examination of Brown, we cannot say that the trial court abused its discretion by excluding the cumulative testimony of the other police officers,
(footnote: 4) nor did the exclusion of the cumulative evidence violate Appellant’s rights to confront the witness against him (Brown) or limit his defense.
(footnote: 5)  We overrule Appellant’s five points and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 22, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. Evid.
 613(b).

3:
See id.

4:
See
 
Tex. R. Evid.
 403.

5:
See
 
U.S. Const
 amends. VI, XIV; 
Delaware v. Van Arsdall
, 475 U.S. 673, 678, 106 S. Ct. 1431, 1435 (1986); 
Carroll v. State
, 916 S.W.2d 494, 496-97 (Tex. Crim. App. 1996); 
Carmona v. State
, 698 S.W.2d 100, 104 (Tex. Crim. App. 1985).